UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR 406-250 |
| ) | |
| DAVID SAMUELS, JR., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant David Samuels has filed a motion to suppress contending that his statements to law enforcement officers after his arrest were involuntary. Doc. 36. At an evidentiary hearing held on January 19, 2007, the government offered the testimony of police officers Kevin Grogan and Kelvin Frazier and ATF Task Force Agent Daryle McCormick. Defendant did not testify or offer any evidence to support his claim that his statements were involuntary. The Court finds that the defendant's statements were not the result of coercion or improper

inducement by the government and that he made a knowing and intelligent waiver of his constitutional rights prior to speaking with the agents. For these reasons, the Court recommends that defendant's motion to suppress be DENIED.

Defendant was arrested by Savannah-Chatham County Metropolitan Police Officer Grogan on March 8, 2006 and charged with possession of a firearm and ammunition by a convicted felon. Doc. 1. After spotting defendant exit a pickup truck and hurriedly depart in another vehicle, police discovered a marijuana blunt in the ashtray of the pickup and subsequently arrested defendant. Upon further inspection of the pickup, officers found defendant's Georgia identification card, a bag of marijuana in the glove compartment, and a loaded Tek-9 machine pistol in the rear of the truck. After his <u>Miranda</u> rights were read to him, defendant asked repeatedly what had been found in the truck. When Officer Grogan stated that he had found a marijuana cigar and a bag of marijuana, defendant stated "I know you found that Tek-9" and admitted that he knew the gun was in the vehicle but explained that it was "registered to" and owned by his cousin. Defendant did not appear

to Officer Grogan to be intoxicated or laboring under any sort of disability.

Following his arrest, defendant was transported to West Chatham Police Annex, where he was again advised of his constitutional rights by Agent McCormick.  Defendant executed a waiver of his rights and indicated that he wanted to talk to the agent.  Doc. 37, Ex. 1.  After providing an oral statement, defendant handwrote a brief statement on the back of a "voluntary statement" form  explaining that he obtained the firearm from his cousin "for protection" because "the Boyz" were looking for him.  Gov't Exs. 14, 15.  Defendant never requested any aid or comforts during his interview and appeared to be alert and sober.

For a statement by a defendant to be admissible at trial, it must be "the product of an essentially free and unconstrained choice by its maker."  Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The statement "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."  Colorado v. Connelly, 479 U.S. 157, 170 (1986). In determining voluntariness, the Court must assess "the totality of all the surrounding circumstances—both the characteristics of the accused

and the details of the interrogation." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

Coercive conduct normally involves an exhaustively long interrogation, the use of physical force, or the making of a promise to induce confession. Connelly, 479 U.S. at 164 n.1; United States v. Mendoza-Cecelia, 963 F.2d 1467, 1475 (11th Cir. 1992). Ultimately, the Court must determine whether a statement is the "'product of an essentially free and unconstrained choice by its maker' or whether the defendant's 'will has been overborne and his capacity for self-determination critically impaired.'" Devier v. Zant, 3 F.3d 1445, 1455-56 (11th Cir. 1993) (quoting Culombe v. Connecticut, 367 U.S. at 602.

Considering the totality of the circumstances surrounding the defendant's questioning by the arresting agents, the Court finds that the government has established by a preponderance of the evidence that the defendant's statements were entirely voluntary. Lego v. Twomey, 404 U.S. 477 (1972); Jackson v. Denno, 378 U.S. 368 (1964). There is no evidence in this record of any threats, use of force, improper inducements or deception, or any other conduct by the law enforcement agents designed to coerce defendant into making a statement. Indeed,

4

defendant was not only willing but eager to make a statement to the investigating officers. Accordingly, defendant's motion is DENIED.

**SO REPORTED AND RECOMMENDED** this 24TH day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA